IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM BELARUS IN THE MATTER OF VIKTOROVICH | ) ) ) ) ) Misc. No. 07- |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Belarus.

FACTUAL BACKGROUND:

This investigation is being conducted by the Belarus authorities who are investigating a case of alleged embezzlement.

EVIDENCE SOUGHT:

The Belarus authorities seek information from a corporation that resides in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Belarus and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

BY: _____
            David L. Hall
            Assistant U.S. Attorney
            1007 Orange Street
            Wilmington, DE   19801
            (302) 573-6277

Dated: 4/16/07

To the Competent Justice Institution of the
United States of America

# REQUEST
## for Legal Assistance

On the terms of mutuality and international cooperation the Organized Crime and Corruption Division of the Investigating Department of Preliminary Investigation of the Department of Internal Affairs of Minsk Region Executive Committee requests the Competent Legal Institution of the United States of America to perform several procedural actions on criminal case No. 06016000238 brought on 12.07.2006 by the Investigating Department of Preliminary Investigation of Internal Affairs of Minsk Region Executive Committee under Part 4 of Article 210 of the Criminal Code of the Republic of Belarus (stealage by means of the abuse of official authorities made in extremely large size) against Pavlovets S.V., Zhukov I.I., Prokhorevich G.V.

During the investigation it was ascertained that Pavlovets Sergey Viktorovich, in the period from 2001 till 2005 being an official - Financial Director of Drevimpex LLC and Drevimpex-grup LLC, intending to possess the monetary funds from the budget of the Republic of Belarus lawlessly and in extremely large size, conjointly with the officials - Zhukov Ivan Ivanovich, the Director of Drevimpex LLC in the said period, Prokhorevich Gennadiy Vasil'evich, the Director of Drevimpex-grup LLC, and the Director of Beloptservis LLC and other persons, being in the territory of the Republic of Belarus, by means of submitting of the invalid financial documents to the fiscal authorities about the material assets supplied to the Oriental Company located in the territory of the Republic of Latvia, using the official authorities, have initiated the return to Drevimpex LLC and Drevimpex-grup LLC accounts and have lawlessly received the monetary funds as value-added tax in the amount of 490 913 608 rubles from budget of the Republic of Belarus, and have stolen these funds.

According to the information from the State Revenue Service of the Republic of Latvia it was ascertained that on 18.12.1996 Serchenya Viktor Arkad'evich established account ▬▬▬ ▬▬▬▬ with the Aizkraukles Bank JSB, and Pavlovets Sergey Viktorovich could operate the funds in this account as well. The account was established on behalf of the Oriental company (registration address: 1050, S.State Street, City of Dover, County of Kent, DE 19901, USA). Establishing the account, Serchenya V.A. provided the bank with the letters of attorney signed by Khromenkov Yury, the Director of Oriental Company, USA, and attested with the company stamp. Later on, at the transactions with the companies of the Republic of Belarus Borimeks LLC, Drevimpex LLC, Drevimpex-grup LLC, Beloptservis LLC, in the documents the Oriental Company, Latvia, Riga, Elizabetas St. 23-319, was indicated, but there was indicated bank account ▬▬▬▬▬▬ belonging to the Oriental company (registration address: 1050, S. State Street, City of Dover, County of Kent, DE 19901, USA) according to the bank documents. It was also ascertained that Drevimpex LLC conducted business with Holzimpex inc. (registration address: 52, State Street Montpelier, VT 05602, Vermont, USA) what has got the account No. ▬▬▬▬▬▬ with Aizkraukles Bank JSC, Latvia.

In order to ascertain the truth on the criminal case, it is necessary to perform the investigative actions (to obtain the information) in the territory of the Unites States of America.

Under the principle of mutuality it is requested:
To provide with the information about the founders, managers of the companies Oriental company (registration address: 1050, S. State Street, City of Dover, County of Kent, DE 19901, USA) and Holzimpex inc. (registration address: 52, State Street Montpelier, VT 05602, Vermont, USA) and the samples of these companies stamp Translation
Service

1

2. To interrogate the founders, leaders of the companies Oriental company and Holzimpex inc. as witnesses and clear the following questions:
   - When and by whom were the companies Oriental company and Holzimpex inc. established?
   - What business have the companies Oriental company and Holzimpex inc. conducted and conduct at the present time?
   - Have Pavlovets Sergey Viktorovich, Serchenya Viktor Arkad'evich and Khromenkov Yury been the employees of the companies Oriental company and Holzimpex inc.? If yes, what positions have they occupied?
   - Have the mentioned companies maintained the accounts with the Aizkraukles Bank JSC, Latvia or do they maintain them now? If yes, which employee has established the account?
   - Have the companies conducted business with the companies of the Republic of Belarus, namely: Borimeks LLC, Drevimpex LLC, Drevimpex-grup LLC, Beloptservis LLC? If yes, what kind of business? To impound the documents evidencing the transactions (agreements, invoices, waybills).
   - In what way, by whom are the stamps being kept? Were the stamps lost?

The Investigating Department of Preliminary Investigation of the Department of Internal Affairs of Minsk Region Executive Committee thanks you in advance for your cooperation, and, using the opportunity, would like to inform that it is ready to render similar legal assistance at the respective applications.

Yours faithfully,

Senior Investigator    of the Investigating
Department of Preliminary Investigation of the
Department of Internal Affairs of Minsk Region
Executive Committee, Militia Captain                    (Signed)        D.N.Mekhov




Extract from the Criminal Code of the Republic of Belarus

Article 210. Embezzlement by Abuse of Office

1. Abstraction of property or acquisition of the title committed by an official using his/her office authority without constituent elements of an offence provided for by Article 211 of the present Code (embezzlement by abuse of office) –

shall be punished with a fine or deprivation of the right to occupy certain positions or be engaged in certain activities, or with correctional labour for the term up to two years or custody for the term up to six months, or with restraint of liberty for the term up to four years or imprisonment for the same term.

2. Embezzlement by abuse of office committed for the second time or by a group of persons on previous concert –

shall be punished with restraint of liberty for the term from two to five years or imprisonment for the same term with deprivation of the right to occupy certain positions or be engaged in certain activities or without the same.

3. Actions provided for by Parts 1 or 2 hereof committed on large scale –

shall be punished with imprisonment for the term from three to ten years with deprivation of property or right to occupy certain positions or be engaged in certain activities or without the same.

4. Actions provided for by Parts 1, 2 or 3 hereof committed by an organised group or on especially large scale –

shall be punished with imprisonment for the term from five to twelve years with deprivation of property and right to occupy certain positions or be engaged in certain activities or without the same.

(In the wording of Laws of the Republic of Belarus dated January 4, 2003, No. 173-3 and dated July 22, 2003 No. 227-3// National Register of Legal Instruments of the Republic of Belarus, 2003, No. 8 2/922; No. 83 2/974)

True Extract
Senior Investigator             (Signed)     D.N. Mekhov

I, the undersigned, Igor L. Pashkovsky, a certified translator of the Professional Translators and Interpreters' Guild, declare that the translation of the present document is to the best of my knowledge and belief a true and faithful rendering of the original in Russian, done to the best of my ability as a professional translator of Russian and English.

I, Dmitriy Z. Kalachik, Head of the Foreign Translation Service of the Professional Translators and Interpreters' Guild, hereby certify that the present translation from Russian into English on 3 pages has been done by Igor L. Pashkovsky, a personally known to me translator of Russian and English.

3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM BELARUS IN THE MATTER OF VIKTOROVICH | ) ) ) Misc No. 07- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Belarus whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Belarus and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Belarus authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Belarus, which procedures may be specified in the request or provided by the Belarus authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Belarus authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.


_____
United States District Court Judge